UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOFAS CONTRERAS-VASQUEZ, | Case No.: 1:11-cv-00905 JLT (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV. | (Doc. 1) |
| Respondent. | |

Petitioner Cleofas Contreras-Vasquez is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the results of a prison disciplinary hearing at which he was found guilty of insolence and failing to obey an order. As a result of the disciplinary action, Petitioner was assessed 13 days lost credit for each violation. For the reasons set forth below, the Petition for Writ of Habeas Corpus is **DENIED**.

I. **Factual Background**

On December 1, 2010, Counselor Barajas prepared an incident report in which he reported that Petitioner entered a prison office for a team meeting. (Doc. 12 at 3) In doing so, Barajas reported that Petitioner slammed the door with great force, though the window in the door did not shatter. Id. Barajas ordered Petitioner not to slam the door again. Id. In response, Petitioner responded that he did not know English and spoke to Barajas in a rude and condescending tone of voice in Spanish. Id. In Spanish, Petitioner stated, "I'm not white and I want to speak Spanish and I don't care if I know

1

1  English, I'm Mexican and I want the program review to be conducted in Spanish." Id. When Barajas
2  stated he heard Petitioner speak English to a different counselor the day before, Petitioner responded,
3  "I don't care if I spoke to her in English, I want it in Spanish." Id. Barajas reported that Petitioner's
4  statements were made in a loud tone of voice. Id. When the meeting was over, Petitioner once again
5  slammed the door as he exited the room. Id.

6  During the investigation of the events, the investigator contacted Petitioner and spoke to him in
7  Spanish and asked him for his comments about the incident. (Doc. 12 at 3) Petitioner stated in
8  Spanish, "I have made my statements. I wish to not make any more at this time." Id. As a result of
9  the investigation, Petitioner was charged with "Refusing to obey an order" and "Insolence towards
10 staff." (Doc. 1 at 14) Petitioner was given written notice of the charges on December 1, 2010 at 5:35
11 p.m. Id.

12 Petitioner's disciplinary hearing was held on December 28, 2010. (Doc. 1 at 14) At that time,
13 Petitioner waived his right to present witnesses and to have staff representation. Id. at 14, 15. At the
14 hearing, Petitioner stated that he did not slam the door intentionally but the way Barajas told him "not
15 to slam the door was rude so the only way I thought I could get back at him was to make them do it
16 (team [meeting]) in Spanish." Id. at 14. The hearing officer considered this statement, the incident
17 report and the investigation. Id. at 15.

18 The hearing officer issued a written report finding Petitioner guilty of both rules violations.
19 (Doc. 1 at 15) The hearing officer found Petitioner's denial of the events to be incredible. Id. In
20 particular, the hearing officer found noteworthy that Petitioner did not deny his statements that the
21 team meeting should be conducted in Spanish and admitted that he was trying to "get back" at Barajas.
22 Id. The hearing officer found that Barajas' report demonstrated Petitioner's tone of voice and his
23 manner when speaking to Barajas was insolent. Id. Finally, the hearing officer noted Petitioner
24 admitted Barajas ordered him not to slam the door but he did so, although Petitioner claimed it was an
25 accident. Id. As a result, the hearing officer assessed 13 days lost credit for each charge. Id.

26 Petitioner challenged the outcome of the hearing according to the Administrative Remedy
27 Procedure but this appeal was denied. (Doc. 1 at 8-9) In this appeal, Petitioner asserted the finding of
28 insolence was based on his decision to speak Spanish and argued that he could not be punished for

this. Id. at 9. He asserted that there was no evidence of insolence except for the incident report and that because his statements related to his preference for speaking Spanish, he could not be found guilty of the offense of insolence. Id. Likewise, Petitioner claimed that he could not be found guilty of both charges because each required proof of substantially the same elements and were based upon the same act. (Doc. 1 at 9-10) In addition, he claimed he could not be found guilty of refusing to obey an order because he "unintentionally slammed the door." Id. at 10.

The reviewer rejected these claims. The reviewer found that Petitioner's refusal to obey an order was based upon Petitioner slamming the door to the prison office after having been ordered not to slam the door again. Id. On the other hand, the reviewer found that the insolence Petitioner displayed was in his manner and tone of voice when he spoke to Barajas. Id. Thus, the reviewer found there was sufficient evidence to support both charges and found that the charges were based upon separate acts by Petitioner. Thus, Petitioner's appeal was denied. Id.

Petitioner then appealed to the Office of General Counsel of the BOP. Id. at 11-13. In this appeal, Petitioner denied he was insolent to Barajas and asserted that he could not be found guilty for merely speaking and that to find him guilty, violated the First Amendment. Id. at 11. He asserted also that he was punished merely for choosing to speak in Spanish and, he asserted, to do so violated the Constitution. Id. Once again, Petitioner asserted there was no evidence to support he was insolent except the report prepared by Barajas in which he characterized Barajas' objection as one directed to Petitioner's choice to speak Spanish. Id.

Petitioner argued also that because the alleged door-slamming occurred at the same meeting at which he expressed a choice to speak Spanish, he could not be charges with two separate rules violations. (Doc. 1 at 12) Likewise, he asserted the elements of both charges were the same such to preclude both being brought against him. Id. This appeal was denied for the same reasons it was denied at the lower level. Id.

In his current petition, Petitioner asserts he was charged with insolence only because he invoked his right to speak Spanish. (Doc. 1 at 3-4.) He asserts that to punish him for this is a violation of the First Amendment and, consequently, a violation of due process. Id. at 4. As he did before, Petitioner argues, in essence, that because the content of his speech concerned his choice to

speak Spanish, he cannot be found guilty of insolence despite the manner in which the speech was conducted. Id. Moreover, he claims there is no evidence he acted with insolence except the incident report which, apparently, he finds insufficient to support the imposition of discipline.[1] Id.

Likewise, Petitioner asserts he cannot be found guilty of both offenses because the action upon which the charges are based, occurred at the same meeting and were described in the same incident report. (Doc. 1 at 3) Petitioner argues also that both charges require proof of the same elements which precludes both charges being found true. Id. at 3, 5.

## II. **Jurisdiction**

Habeas corpus relief is appropriate when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution based upon the outcome of a prison disciplinary proceeding. If a constitutional violation has resulted in the loss of credits, it affects the duration of a sentence and may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876–78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction. Moreover, at the time the petition was filed Petitioner was in custody at the Taft Correctional Institute, located in Taft, California, which is located within the jurisdiction of this Court. Therefore, this Court is the proper venue. See 28 U.S.C. § 2241(d).

## III. **Standard of Review**

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir.1996) (quoting Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991)). Though not afforded the full panoply of rights, due process requires the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact

---

[1] Petitioner does not challenge the requirements of due process for the hearing and the Court finds no evidence of any violation. Petitioner was given timely notice of the charges and the hearing, he was given the right to call witnesses and to have representation and was provided written findings of the hearing officer.

1 finder of the evidence relied on and the reasons for the disciplinary action.[2] <u>Superintendent, Mass.
2 Correctional Inst. v. Hill</u>, 472 U.S. 445, 454 (1985); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-67
3 (1974). Indeed, "revocation of good time does not comport with the minimum requirements of
4 procedural due process unless the findings of the prison disciplinary board are supported by some
5 evidence in the record." <u>Hill</u>, 472 U.S. at 455 (citations omitted).

## III.   Analysis

In considering the petition, the Court is struck by the fact that there is no indication Petitioner suffered discipline because of his choice to speak Spanish. Indeed, after the incident at issue, when the investigating officer met with Petitioner, the officer spoke Spanish to him in deference to Petitioner's language preference. (Doc. 12 at 3) Likewise, it appears the only time the issue was raised even peripherally was when Barajas spoke to Petitioner in English and Petitioner responded, in Spanish, that he didn't speak English.[3] <u>Id</u>. Then Barajas confronted Petitioner with the fact that he heard Petitioner speak English only the day before to which Petitioner responded, "I don't care if I spoke to her in English, I want it [the team meeting] in Spanish." <u>Id</u>. By no stretch of the imagination was the charge of insolence based upon the fact that the exchange between Petitioner and Barajas—who, apparently, also spoke Spanish—occurred in Spanish. No matter what language Petitioner spoke during the incident, there is some evidence in the record that the rude manner and condescending tone of voice Petitioner used when addressing Barajas (Do. 12 at 3), was insolent.[4]

Likewise, the evidence in the record demonstrates Petitioner was ordered not to slam the door but did so when he exited the room. (Doc. 12 at 3) Though Petitioner disputed he intended to slam the door, the hearing officer found the denial not to be credible. (Doc. 1 at 15) The hearing officer set forth his reasoning for finding Petitioner to lack credibility including that Petitioner stated his desire to "get back" at Barajas, the fact that Petitioner did not dispute either that Barajas ordered him not to

---

[2] For these reasons, the suggestion separate rules violations cannot be stated in one incident report, is not well-taken.

[3] Petitioner does not dispute he speaks English. (Doc. 1 at 4; Doc. 12 at 3) Also, in light of the fact Petitioner felt the need to "get back" at Barajas for, rudely, ordering him not to slam the door (Doc. 1 at 15), it is clear Petitioner was fully aware of what Barajas said.

[4] Petitioner's implicit argument that because his comments related to his desire to speak Spanish, he could be as rude, haughty and insolent as he wished and could not be punished for it, is way off base. The fact that Petitioner's comments related to his choice to speak Spanish does not give him a free pass to speak to the correctional staff in an insolent manner.

slam the door or that he slammed the door and because his tone of voice and manner in speaking to Barajas were insolent. Id.

Finally, the Court finds there is some evidence in the record that the charges stemmed from different acts. As noted by the reviewers in considering Petitioner's appeals, the act of insolence occurred while Petitioner spoke to Barajas in a loud tone of voice. (Doc. 12 at 3; Doc. 1 at 8, 13) The act of disobedience to an order occurred when Petitioner slammed the door when he exited the room. Id. The fact that the hearing officer relied up the entire incident to determine Petitioner's statement was not worthy of credence, does not impact the elements of the offense.

In considering the petition, the Court is not entitled to substitute its judgment for that of the prison officials but, instead, merely to determine whether "some evidence" exists to support the determination. Hill, 472 U.S. at 455-56 ["Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'] Instead, this Court is required to defer to the prison officials who made the disciplinary decision because these proceedings "take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." Id. at 456. Because the Court finds the prison officials had "some basis in fact" (Hill at 456) to make the discipline decision, the outcome of disciplinary hearing must be upheld and Petitioner is not entitled to habeas relief.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The petition from writ of habeas corpus (Doc. 1) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 10, 2013**              /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE